UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 24-cr-20468
                                  Honorable Linda V. Parker

NOE SAUCEDO-SAUCEDO,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT (ECF NO. 26)

On August 22, 2024, a federal grand jury issued an Indictment charging Defendant Noe Saucedo-Saucedo with one count of unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). A Superseding Indictment was issued on December 3, 2024, adding as a second count aggravated identity theft in violation of 18 U.S.C. § 1028A(a) and (c)(10). The matter is currently before the Court on Defendant's motion to dismiss Count 2 of the Superseding Indictment. (ECF No. 26.) The motion has been fully briefed. (ECF Nos. 29, 32.) For the reasons below, the Court is granting Defendant's motion.

I.      **Factual and Procedural Background**[1]

Defendant, who is a native and citizen of Mexico, was removed from the United States on December 22, 2009. (*See* ECF No. 1 at PageID.2-3 ¶¶ 4, 7.) Between that date and July 6, 2023, he returned twice, was charged and convicted of unlawful reentry each time, and then was removed from the United States. (*Id*. at PageID.3 ¶¶ 8-13.) In April 2024, United States Border Patrol agents learned that Defendant had again returned to this country and was living at a residence in Waterford, Michigan. (*Id*. at PageID.4 ¶ 14.)

On August 1, 2024, Border Patrol agents observed Defendant leave the residence in a motor vehicle, and they stopped the vehicle. (*Id*. ¶¶ 15, 16.) The Border Patrol agents subsequently were assisted by local police officers. During the encounter, Defendant initially refused to answer the officers' questions or comply with their demands, but he eventually identified himself as his brother and presented the local officers with a valid Michigan driver's license bearing his brother's name. (*Id*. ¶ 18.) Defendant was arrested and then charged as discussed above.

More specifically, the initial Indictment, filed on August 22, 2024, charged Defendant with one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and

---

[1] The Court relies on the affidavit submitted in support of the initial Criminal Complaint for an understanding of the relevant facts. (*See* ECF No. 1 at PageID.2-6.)

(b)(2).  (*See generally* ECF No. 11.)  According to the Indictment, on August 1, 2024, Defendant, who had been removed from the United States, was thereafter found in the United States without express consent or permission of the Attorney General or United States Department of Homeland Security.  (*Id*. at PageID.16.)

A Superseding Indictment, filed on December 3, 2024, included the same first count and added a second count for aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a) and (c)(10).  (ECF No. 16.)  Count Two reads in full:

> On or about August 1, 2024, in the Eastern District of Michigan, Southern Division, during and in relation to a violation of Title 8, United States Code, Section 1326(a) (Unlawful Reentry Following Removal from the United States), as alleged in Count One, the defendant, Noe SAUCEDO-SAUCEDO, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and official State issued driver's license or identification number of his brother, "J.C.S."
>
> All of which constitutes a violation of Title 18, United States Code, Sections 1028A(a) and (c)(10).

(*Id*. at PageID.31.)

## II. Parties' Arguments

Defendant maintains that Count 2 of the Superseding Indictment fails to state an offense because the facts reflect that he used his brother's license, not when illegally reentering the United States sometime before August 1, 2024, but when found in the United States by federal agents on August 1, 2024.  Defendant

3

maintains that there are no facts suggesting he used his brother's driver's license to unlawfully reenter the United States, which is the predicate felony supporting his violation of § 1028A(a)(1). He relies on the Supreme Court's recent interpretation of the statute in *Dubin v. United States*, 599 U.S. 110 (2023).

      The United States argues in response that Defendant's motion is essentially a premature motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, challenging the sufficiency of the evidence to support a claim. The United States maintains that the sufficiency of the evidence supporting the charge(s) against a defendant are tested at trial, not preliminary proceedings, as the Sixth Circuit has indicated. *See United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) (acknowledging that "a defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence"); *United States v. Short*, 671 F.2d 178, 182-83 (6th Cir. 1982) ("When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial . . . The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not at a preliminary proceeding."). *Dubin*, the United

4

States points out, was a post-conviction challenge to the defendant's conviction for aggravated identity theft.

### III. Standard of Review

Defendant's argument in support of dismissal is not precisely that there are insufficient facts in the Superseding Indictment to support the aggravated-identity theft charge. Rather, as the Court understands, Defendant is asserting that the facts as presented do not support the charge because he did not possess or use his brother's identity "during and in relation to [the illegal reentry] violation" which is the predicate felony supporting the charge. 18 U.S.C. § 1028A(a)(1). In other words, Defendant argues that the Superseding Indictment fails to state the offense of aggravated identity theft.

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion asserting a defect in the indictment, such as the failure to state an offense, must be made before trial. Fed. R. Crim. P. 12(b)(3)(B). The Sixth Circuit has explained that the rule "and its component parts encourage district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (quoting *United States v. Levin*, 973 F.2d 463, 469 (6th Cir. 1992)). The Sixth Circuit further indicated that

5

"district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." *Id.* (quoting *Levin*, 973 F.2d at 469).

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Coss*, 677 F.3d 278, 287-88 (6th Cir. 2012) (brackets omitted) (quoting *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. at 288 (quoting *United States v. Heller*, 579 F.2d 990, 999 (6th Cir. 1978)) (internal quotation marks omitted). Nevertheless, the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*. (quoting *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001)).

IV. **Applicable Law and Analysis**

The aggravated identity theft statute reads in part:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). The statute "carries a severe penalty" in that "[i]t adds a 2-year mandatory prison sentence onto underlying offenses that do not impose a mandatory prison sentence of any kind." *Dubin*, 599 U.S. at 115, 127. Illegal reentry, 8 U.S.C. § 1326, is one of the offenses enumerated in subsection (c). *See id*. § 1028A(c)(10). A person violates § 1326 when, after being removed from the United States, the person "enters, attempts to enter, or is at any time found in, the United States . . . ." 8 U.S.C. § 1326. Notably, the Superseding Indictment focuses on Defendant being "found in the United States" on August 1, 2024. (*See* ECF No. 16 at PageID.30.)

In *Dubin*, the Supreme Court considered the meaning of the terms "use" and "in relation to" in the context of the aggravated identity theft statute. *See* 599 U.S. at 114, 116-17. Offered a broad or "more targeted reading," the Court found that the title, text, and context of the statute did not support "a boundless interpretation." *Id.* at 114.

7

Instead, the Supreme Court held that § 1028A(a)(1) is violated only "when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature . . .." *Id.* The Court found that the terms' "definitions refer to offenses built around what the defendant does with the means of identification . . . In other words, the means of identification specifically is a key mover in the criminality." *Id.* at 122-23.

Thus, the Supreme Court held that § 1028A(a)(1) "targets situations where the means of identification itself plays a key role." *Id.* at 129. It must be " 'the locus of the criminal undertaking,' rather than merely 'passive,' 'passing,' or ancillary employment in a crime." *Id*. at 122-23 (quoting *Jones v. United States*, 529 U.S. 848, 855-56 (2000)). "In virtually all cases where a defendant employs a means of identification to facilitate a crime, the defendant will also possess or transfer the means of identification in a way that facilitates the crime." *Id*. at 127.

Section 1028A(a)(1) does not extend to Defendant's presentation of his brother's driver's license when stopped by federal agents on August 1, 2024. Delivery of the license was not at the crux of Defendant being found in the United States after his removal. It cannot be said to have facilitated the crime of unlawful reentry.

8

This would not be the Court's conclusion if the Superseding Indictment contained facts suggesting that Defendant utilized his brother's license when unlawfully reentering or attempting to reenter the United States. That scenario would support the charge that Defendant used his brother's identification to gain, or attempt to gain, reentry. However, that is not what the Superseding Indictment charges.

First, the violation of the unlawful reentry statute is based on Defendant being found in the United States on August 1, not his reentry on that date. In fact, several months before being stopped by border patrol agents and presenting his brother's driver's license, Defendant was reported to have already been in the United States. Second, the Superseding Indictment is limited to Defendant's presentation of his brother's license to officers on the date he was stopped, not when he entered the country to perhaps gain entry.

In short, Defendant's presentation of his brother's license to arresting officers on August 1, 2024 did not facilitate--it was not a "key mover in"—his illegal reentry. At most, it was ancillary, which *Dubin* holds is insufficient to support a violation of the statute.

Accordingly,

9

**IT IS ORDERED** that Defendant's motion to dismiss Count 2 of the Superseding Indictment (ECF No. 26) is **GRANTED** and Count 2 is **DISMISSED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: September 17, 2025